**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

Eastern District of Kentucky
FILED

MAY 05 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 26-cr-6-GFVT**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**SABINA TRIVETTE**                                                      **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Information, charging a violation of 18 U.S.C. § 1623, perjury. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of 18 U.S.C. § 1623 are:

   (a) The Defendant gave testimony to the proceeding ancillary to any court of the United States under oath;

   (b) The testimony was false;

   (c) The false testimony was given knowingly;

   (d) The subject matter of the Defendant's testimony was material.

3.  As to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    a.  On January 17, 2019, Dylan Stratton was detained in the Franklin County Regional Jail in Franklin County in the Eastern District of Kentucky. Upon his admission, there were indications that he may go through withdrawal from controlled substances and need detoxification/withdrawal monitoring. There was also indication that he had a history of high blood pressure. He was housed with other inmates in a cell block until January 18, 2019, when he had a seizure. At that time, he was moved to a private cell for observation. From January 19, 2019, through January 22, 2019, Stratton's behavior resulted in jail staff seeking advice from a telephonic mental health provider. Clinicians with the telephonic mental health service provider advised that, due to Stratton's symptoms as described, Stratton would need to be medically evaluated.

    b.  The Defendant was a nurse employed by a health services corporation and assigned to the Franklin County Regional Jail during the time of Stratton's detention. She performed medical evaluations of inmates, including taking vital signs, dispensing medication, and withdrawal monitoring, as part of her regular duties at the jail.

    c.  On January 23, 2019, in the early morning hours, Stratton was found unresponsive in his cell, and shortly thereafter pronounced dead.

    d.  After Stratton's death, the administratrix of his estate filed a lawsuit ("the civil suit") in the United States District Court for the Eastern District of Kentucky Central Division Frankfort Case No. 3:19-CV-51-GFVT-EBA naming Franklin County, the Defendant's employer, and the Defendant, among many others. The civil suit alleged several causes of action against the civil defendants related to Stratton's death.

    e.  On April 15, 2021, the Defendant gave a sworn deposition in the civil suit. As Defendant then well knew, factual information about when and whether she had medically evaluated Stratton before his death was material to the claims and defenses at issue in the civil suit. Prior to being questioned by counsel, Defendant took a proper and valid oath to provide truthful and complete testimony.

    f.  In the course of her deposition testimony, Defendant was shown documents that purported to record Stratton's condition during medical checks. Defendant was asked whether she had, in fact, performed the documented

examinations and whether the documents accurately reflected Stratton's condition as she had observed it. Defendant repeatedly affirmed that the documents accurately recorded medical evaluations that she had actually performed, testifying to specific details about her supposed interactions with Stratton on January 22nd. Defendant repeatedly stated that she had measured and accurately recorded Stratton's blood pressure and blood oxygen saturation.

g.  The Defendant knew that this testimony was false, in that, as Defendant then well knew, she never entered Stratton's cell nor took his vital signs on January 22, 2019, nor on other days that he was detained in the observation cell at the jail. Defendant also knew or appreciated that her false testimony would have a natural tendency to influence the decision-making of the court to whom they were addressed.

4.  The statutory punishment for the sole count of the Information is imprisonment for not more than 5 years, a fine of not more than $250,000.00, and a term of supervised release of not more than one year. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) Pursuant to U.S.S.G. § 2J1.3, the base offense level is 14.

(b) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels because the Defendant's training, experience, and licensure as a nurse significantly facilitated the false testimony she provided concerning medical care and evaluation.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

3

(d) Pursuant to U.S.S.G. § 4C1.1, decrease the offense level determined under Chapters Two and Three of the Guidelines by 2 levels for Zero-Point Offender.

(e) Restitution is not applicable in this matter.

6.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7.    The United States will recommend releasing the Defendant under appropriate conditions of release for future court appearances pending sentencing if the Defendant does not violate the terms of the order setting conditions of release.

8.    The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing.

4

The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9.    The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine,

5

restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

10.   The Defendant agrees that within one week after this Plea Agreement is accepted by this Court, she will surrender to any and all licensing authorities her nursing license in the Commonwealth of Kentucky, and in any other jurisdiction where she has been licensed. Defendant agrees that she will refrain from seeking or accepting any future employment in the medical field, including but not limited to any employment as a nurse.

11.   This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12.   This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.   The Defendant and the Defendant's attorney acknowledge that the Defendant

6

understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 4/17/26    By: _____

Emily K. Greenfield
Assistant United States Attorney

Date: 4-16-26    _____

Sabina Trivette
Defendant

Date: 4/17/26    _____

Brandon Marshall
Attorney for Sabina Trivette

7